UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Corey D. Randall, #237596, | ) | C/A No. 4:04-1203-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| William White, Warden, BRCI; and | ) | |
| Henry Dargan McMaster, Attorney General | ) | |
| for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Corey D. Randall is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined at the Broad River Correctional Institution. Petitioner petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.

Petitioner was indicted in June 1996 for Trafficking in Crack Cocaine and Possession with Intent to Distribute Crack Cocaine within Proximity of a School/Playground/Church. The case was submitted to a jury on August 30, 1996, but the jury could not agree upon a verdict and Judge Keesley declared a mistrial. A second a jury trial was held November 18-19, 1996, and petitioner was convicted as charged. Petitioner was sentenced to twenty-five (25) years imprisonment for trafficking and fifteen (15) years, concurrent, on the proximity charge. Petitioner filed a timely notice of intent to appeal. However, the South Carolina Court of Appeals affirmed the convictions. *See South Carolina v. Randall and Yawn*, No. 99-UP-190 (S.C. Ct. App. March 23, 1999) (unpublished). The petitioner did not seek certiorari review from the South Carolina Supreme Court and Court of Appeals issued remittitur on April 8, 1999.

1

Petitioner filed an application for post-conviction relief on March 27, 2000. After an evidentiary hearing, that application was granted by written order November 6, 2001. The State appealed the grant of relief. The Supreme Court granted the petition for review and, reversed the PCR judge's grant of relief. *See Randall v. State*, 591 S.E.2d 608 (S.C. 2003). The South Carolina Supreme Court issued the remittitur on January 29, 2004. On April 25, 2004, petitioner filed this *pro se* petition for writ of habeas corpus.

On August 25, 2004, respondents filed a return and motion for summary judgment. Because Reed is proceeding *pro se*, an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was filed on August 31, 2004. Petitioner did not file a response to the motion for summary judgment. A Report and Recommendation was issued recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b). Petitioner filed objections to the Report asserting that he did not receive the *Roseboro* order informing him of the consequences for failing to respond to the motion for summary judgment. This Court granted petitioner an additional thirty (30) days to respond to the motion for summary judgment. Petitioner filed his objections on December 2, 2004. This Court subsequently remanded this case to the Magistrate Judge to address the merits of the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation (the "Report") of United States Magistrate Judge Thomas E. Rogers, III, filed January 11, 2005. This Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Report recommended that respondents' motion for summary judgment be granted because petitioner's habeas petition was not timely filed. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Petitioner filed objections to the Report on January 27, 2005. In his objections petitioner objects to the Magistrate Judge's recommendation that he failed to file his petition within the required statute of limitations.

### Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

"The time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). While state collateral review tolls the one year statute of limitations under § 2244(d)(A), *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish the right to file within one year after completion of collateral review. *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Haney v. Addison*, 175 F.3d 1217 (10th Cir. 1999); *Pearson v. N.C.*, 130 F. Supp. 2d 742 (W.D. N.C. 2001). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Stokes v. District Attorney*, 247 F.3d 539 (3d Cir. 2001); *Rhine v. Boone*, 182 F.2d 1153 (10th Cir. 1999).

The petitioner objects on the basis that *Eisermann v. Perarosa*, 33 F. Supp. 2d 1269 (D.

3

Hawaii 1999) applies to extend the time period for filing a habeas petition:

> Had Petitioner timely applied for certiorari with the Hawaii Supreme Court, at the conclusion of the Hawaii Supreme Court's review, Petitioner would then have had ninety more days added to the calculation of the running of the statute. This would allow for the filing of a petition for certiorari in the United States Supreme Court, thus concluding "direct review" of his criminal conviction.

*Id*. at 1273. That decision goes on to say, "However, Petitioner's failure to apply for certiorari at the state level divested the United States Supreme Court of jurisdiction to grant or deny a writ of certiorari." *Id*. Petitioner alleges that, although he did not petition the South Carolina Supreme Court for certiorari, he is entitled to an additional ninety (90) days because under South Carolina Rule of Appellate Procedure 226(a), the Supreme Court may grant certiorari of a final decision of the Court of Appeals by its own motion.

The petitioner clearly had the opportunity to, himself, petition the South Carolina Supreme Court for writ of certiorari. *See* SCRAP 226(a). That the Court could have, of its own motion, granted certiorari should not allow the petitioner an additional ninety (90) days to file the instant action. The additional ninety (90) day period is to allow a petitioner to file a petition for writ of certiorari with the United States Supreme Court, not merely to enable him an extended period of time to file his habeas petition. *See Cox v. Angelone*, 997 F. Supp. 740, 744 (E.D. Va. 1998).

Since petitioner did not seek certiorari from the South Carolina Supreme Court, his conviction became final when the Court of Appeals issued the remittitur on April 8, 1999. Petitioner filed his PCR application, thereby staying the statute of limitations, on March 27, 2000, three hundred fifty-three (353) days after his conviction became final. The South Carolina Supreme Court denied petitioner's request for certiorari and issued the remittitur on January 29, 2004. Petitioner did not file this habeas petition until April 13, 2004, seventy-five (75) days after the PCR decision became final

and four hundred twenty-eight (428) days after his conviction became final. The petitioner's petition for habeas corpus review was filed well after the one year period after petitioner's convictions became final, his petition is barred by the statute of limitations as set forth in § 2244(d)(1).

In his report, Magistrate Judge Rogers recommends that respondents' motion for summary judgment be granted. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law and overrules the Report and Recommendation. Accordingly, for the reasons set forth in the Report and herein, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 31, 2005
Florence, SC

5